**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AVANT GARDE ENGINEERING AND
RESOURCES LIMITED,

    Plaintiff,

vs.                                         CASE NO. 3:11-cv-525-J-20TEM

NATIONWIDE EQUIPMENT COMPANY,
INC., NATIONWIDE EQUIPMENT
INTERNATIONAL, INC., EDWARD A.
KOSTENSKI and JEAN BAKKES,

    Defendants.
_____

**O R D E R**

    This case is before the Court on Plaintiff's Consent Motion to Extend the Time for Parties to File Expert Disclosures; and Plaintiff's Motion for Order Compelling Defendant Nationwide Equipment to Provide Discovery Information (Doc. #62, Motion), which was filed on January 9, 2013. Because the uncontested portion of this motion is clearly due to be granted in part, the Court enters this ruling without awaiting the normal response period. *See* M.D. Fla. Loc. R. 1.01(c).

**Expert Disclosures**

    Plaintiff avers all parties agree to extend the time for Plaintiff to file its expert disclosures from the current deadline of January 22, 2013, until "thirty (30) days after the completion of all depositions in this matter, with a corresponding extension for Defendants' expert disclosures." Motion at 1. The Case Management and Scheduling Order (Doc. #40, CMSO) in this matter refers the parties to Fed. R. Civ. P. 26(a)(3) and M.D. Loc. R. 3.06 for pretrial disclosure deadlines that are not specifically stated in the CMSO. Expert

disclosure deadlines are not explicitly set by the CMSO, but neither are they addressed within the referenced sections of the cited rules. With the filing of the Amended Case Management Report on November 14, 2012, the parties stipulated to the disclosure of Plaintiff's expert by August 31, 2012 and Defendants' expert by October 31, 2012 (Doc. #39). Those deadlines have passed and the parties apparently have not exchanged expert disclosures.

Rule 26(a)(2)(D) provides in pertinent part, "Absent a stipulation or a court order, the disclosures [regarding expert testimony] must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial. . . ." Thus, the Court is faced with the question of whether to treat the "consent of all parties" as a stipulation, which would leave the deadline open-ended, or to set a specific deadline. Noting that discovery has been extended in this action to May 15, 2013 (*see* Doc. #61, Court Order), the undersigned finds the better course of action is to establish deadlines for the parties to exchange expert disclosures. *Cf. Carlisle v. United States*, 517 U.S. 416, 437-39 (1996) (Stevens, J.,dissenting) (discussing the inherent powers of the district court to control the progress of its cases); *Reese v. Herbert*, 527 F.3d 1253, 1263 n.14 (11th Cir. 2008) (same).

Accordingly, the Motion is hereby granted to the extent Plaintiff shall disclose its expert by March 29, 2013 and Defendants shall disclose their expert by April 30, 2013.

**Motion to Compel**

Without consent of the other parties, Plaintiff requests the Court order "Defendant Nationwide Equipment to provide Plaintiff with the last known addresses of two former employees of Nationwide Equipment whom Plaintiff intends to subpoena for deposition." Motion at 1. The Court questions why this dispute is not easily resolved without its

intervention. The last known address for a former employee is not necessarily the last actual address. Indeed, a last known address in company records might be the address contained on the application or resume the employee submitted for the job. Nonetheless, the Court takes this matter under advisement and will set a telephone hearing by separate notice.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of January, 2013.

Copies to all counsel of record
      and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

3