**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AVANT GARDE ENGINEERING AND
RESOURCES LIMITED,

    Plaintiff,

vs.                                      CASE NO. 3:11-cv-525-J-20TEM

NATIONWIDE EQUIPMENT COMPANY,
INC., NATIONWIDE EQUIPMENT
INTERNATIONAL, INC., EDWARD A.
KOSTENSKI and JEAN BAKKES,

    Defendants.
_____

**O R D E R**

    This case is before the Court on Plaintiff's Motion Requesting Discovery Conference and an Order Compelling Defendants to Produce Discovery Information (Doc. #66, Motion to Compel), filed January 27, 2013. The Court has reviewed the instant motion and notes it fails to comply with Local Rule 3.01(g), United States District Court, Middle District of Florida. Plaintiff's counsel states, "Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Plaintiff has contacted counsel for Defendant Nationwide Equipment by e-mail, most recently on January 23, 2013, requesting dates for depositions and threatening the instant motion should Defendants not be forthcoming. . . ." Motion to Compel at ¶ 26. As support, counsel attached an email exchange spanning January 21 to January 23, 2013, to the Motion to Compel as Exhibit A. Plaintiff's counsel avers counsel for Nationwide Equipment did not respond to the January 23 email. *Id.*

    Under Rule 3.01(g), counsel for the parties are directed:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.  A certificate to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

M.D. Fla. Loc. R. 3.01(g).

The brief email exchange and threat of Plaintiff's counsel to file a motion with the Court is not well taken.  Nor are such "efforts" viewed as true attempts to resolve the instant disputes without Court intervention.  The Court wishes to emphasize the importance of Local Rule 3.01(g) in particular.

All counsel and unrepresented parties are expected to be familiar with and comply with all applicable rules of this Court.  With respect to Local Rule 3.01(g), the Court has noted, "The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996).  A number of magistrate judges in the Middle District of Florida have construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, *2 n.1 (M.D. Fla. Aug. 14, 2000); *see also, Espinal v. Professional Recovery Servs., Inc.*, No. 3:10-cv-131-J-32TEM, 2010 WL 4392912, *1 (M.D. Fla. Oct. 29, 2010); *Lippy v. Metropolitan Cas. Ins. Co.*, No. 3:10-cv-727-J-34MCR, 2010 WL 40007035, *1 (M.D. Fla. Oct. 13, 2010); *Judkins v. Bloomers*

*International, Inc.*, No. 8:09-cv-02538-T-17TBM, 2010 WL 2510665, *2 (M.D. Fla. Jun. 21, 2010); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2008 WL 5263701, *1 (M.D. Fla. Dec. 17, 2008).[1]  **Many disputes are more easily resolved when the parties actually speak with each other.**  *See O'Rear v. Greenwich Ins. Co.*, No. 8:09-cv-1903-T-26TGW, 2010 WL 2869475, *1 (M.D. Fla. July 21, 2010) (directing the parties to confer personally within seven days in a good faith effort to resolve the pending discovery disputes without court intervention).

The Court recognizes Plaintiff at least attempted to comply with Local Rule 3.01(g) with regards to the instant motion.  Nonetheless, the Court still finds the requisite "conference" was inadequate.  The Court cautions both Plaintiff's counsel *and* Defendant's counsel that the mandates of Local Rule 3.01(g) apply to both sides, which means "timely responding to written correspondence and/or telephone communications regarding same." *Id.*  Accordingly, all parties are expected to strictly adhere to the requirements of Local Rule 3.01(g).

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiff's Motion Requesting Discovery Conference and an Order Compelling Defendants to Produce Discovery Information (Doc. #66) is **DENIED without prejudice**.  The parties are directed to confer personally or by telephone **within the next seven days** in a good faith effort to resolve or narrow their pending discovery disputes without the necessity of Court intervention.  In doing so, counsel shall be mindful of the mandates of

---

[1] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

Local Rule 2.04(h), which requires attorneys to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of January, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any