**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AVANT GARDE ENGINEERING AND
RESOURCES LIMITED,

    Plaintiff,

vs.                                      CASE NO. 3:11-cv-525-J-20TEM

NATIONWIDE EQUIPMENT COMPANY,
INC., NATIONWIDE EQUIPMENT
INTERNATIONAL, INC., EDWARD A.
KOSTENSKI and JEAN BAKKES,

    Defendants.
_____

**O R D E R**

This case came before the Court on February 19, 2013 for a telephonic hearing on Plaintiff's Contested Motion Requesting Discovery Conference and Extension for All Dates in Case Management Plan (Doc. #70), filed February 7, 2013.[1]  Counsel for all parties appeared by telephone.

In sum, Plaintiff requests the Court again enlarge the deadlines established in the governance of this case.  The Case Management and Scheduling Order was enlarged first on August 22, 2012, and then on October 2, 2012, to extend the deadlines previously established (*see* Doc. #56, Endorsed Order enlarging discovery and expert disclosures; Doc. #61, Court Order granting "Joint Motion for Continuance").  The deadlines for expert disclosures were subsequently enlarged again on January 17, 2013 (*see* Doc. #63, Court

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Order granting in part "Plaintiff's Consent Motion to Extend the Time for Parties to File Expert Disclosures ... "). Whereas the previously sought extensions of time were not opposed by Defendants, the current request to enlarge all deadlines by thirty days is opposed. On February 14, 2013, counsel for the individual and the corporate defendants filed responses opposing further enlargements of time on the basis Plaintiff has failed to show good cause to alter the scheduling order (see Docs. #72, #73, #74).

Plaintiff's dispute seemingly hinges on its ability to schedule the depositions of two former Nationwide Equipment[2] employees, Lin Abercrombie and Dominique Haag. During the course of the hearing, Plaintiff's counsel also referred to difficulty in scheduling James Cavo for deposition and counsel for Edward Kostenski indicated his client preferred to be present for all depositions but is frequently out of the country. It is undisputed that the last known addresses for Abercrombie and Haag were provided to Plaintiff on January 18, 2013 (see Doc. #70 at 4). It is also known by all parties that Dominique Haag is represented by counsel, of which Plaintiff's counsel has apparently known since at least September 2012 (see Doc. #70 at 7). At this juncture it is not alleged these witnesses are attempting to evade subpoenas for their depositions. In fact, during the telephonic hearing counsel for Plaintiff acknowledged no subpoenas for deposition had been issued to these three witnesses. Plaintiff has not pointed to particular exigent circumstances that make it impossible for Plaintiff to subpoena and depose these witnesses before closure of the discovery period on May 15, 2013, or even before the deadline for disclosure of Plaintiff's

---

[2]It is not clear if witnesses Lin Abercrombie and Dominique Haag were previously employed by Nationwide Equipment Company, Inc., or Nationwide Equipment International, Inc.

expert on March 29, 2013. Rule 30(b) requires, "A party who wants to depose a person by oral questions must give *reasonable written notice* to every other party . . . and state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1) (emphasis added).

When a motion is filed after a scheduling order has been entered, Rule 16(b) applies. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998)(per curiam). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Once good cause is shown, the Court determines whether leave should be granted to alter the scheduling order deadlines. This Court takes the adherence to the scheduling order seriously and follows the Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should be denied as untimely". *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537 (M.D. Fla. 1997). In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts. *See Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal citations omitted).

This litigation has been ongoing since May 24, 2011. At least some of the scheduling deadlines in this case have been enlarged on three occasions. From the filings in the record, it appears the addresses for the witnesses Plaintiff seeks to depose have been known for at least the last month, and counsel for one witness has been known for several months. Plaintiff has not shown good cause to further enlarge the deadlines established in this matter. Accordingly, Plaintiff's Contested Motion Requesting Discovery

Conference and Extension for All Dates in Case Management Plan (Doc. #70) is **DENIED**.

In its discretion, the Court hereby directs that the depositions of Lin Abercrombie, Dominique Haag and James Cavo be completed by April 18, 2013.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of February, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record

---

[3] During the telephonic hearing, the Court stated all depositions must be completed by "mid-April" and Plaintiff's expert report may be modified thereafter, if necessary. In an abundance of caution, the Court now specifies a date certain deadline to complete all depositions.