**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AVANT GARDE ENGINEERING AND
RESOURCES LIMITED,

    Plaintiff,

vs.                                    CASE NO. 3:11-cv-525-J-20TEM

NATIONWIDE EQUIPMENT COMPANY,
INC., et al.,

    Defendants.
_____

**O R D E R**

This case is before the Court on Plaintiff's Motion to Compel Third Party Witness Dominique "Nick" Haag to Appear and Testify at a Deposition (Doc. #86, "Motion to Compel Deposition") and the Response of Dominique "Nick" Haag to Motion to Compel (Doc. #88).[1] No responses to the instant motion have been filed by any of the named Defendants and the time to do so has expired. Thus, this matter is ripe for the Court's consideration and ruling.

Plaintiff seeks to compel the appearance and deposition testimony of witness Haag and to hold Haag in contempt for failure to appear at the deposition scheduled for April 8, 2013. Motion to Compel Deposition at 1. Plaintiff's counsel reports issuing a subpoena requiring Haag appear for deposition. The subpoena was issued on February 28, 2013 and served on Haag's brother on March 22, 2013. *Id.* at 3. On the morning of March 28, 2013, Haag's wife sent Plaintiff's counsel two emails advising her husband was unable to appear

---

[1]Hereafter, the Court shall refer to non-party Dominique "Nick" Haag as "Haag" or "Mr. Haag."

for deposition and she had returned counsel's check "back to Legal Support Services[,] Inc." Motion to Compel Deposition at Exs. D-E. Mrs. Haag attached a letter dated March 27, 2013 from Dr. Donald Pollock, M.D., to the earlier email. Dr. Pollock stated, "Due to his medical condition [Dominique Haag] is unable to participate in a deposition. It is not clear when he will be able to give a deposition." *Id.* Plaintiff's counsel responded with a letter, sent by email on March 28, advising Mr. Haag to be "guided accordingly" that he must make a timely motion to quash the subpoena in front of the district judge and if he did not submit the motion and did not appear on April 8, counsel intended to make a record of the non-appearance and seek sanctions. *Id.* at Ex. F. Later that same day, Mrs. Haag responded by email that if counsel insisted she would bring her husband to the deposition but he would not swear to testify under oath "because he is on a lot of medications which leaves him very confused and disoriented." *Id.* at Ex. G.

Despite this lengthy exchange between Plaintiff's attorney and the spouse of a lay witness, and with the foreknowledge of the witness' medical condition, Plaintiff's counsel decided to proceed with the deposition scheduled for April 8. By counsel's own admission, the witness did appear, advised he was unable to testify because he was on six different medications and reiterated he had sent counsel a letter from his "psychologist, doctor" concerning his inability to testify. *Id.* at Ex. H, p. 3. On the record, Mr. Haag further stated he was "under seven different psychotic medications" and he did not know what the truth was to anything that day.[2] *Id.* at Ex. H, p. 4.

---

[2]Mr. Haag did refer to differing numbers of medications during his brief appearance.

Upon due consideration of this matter, the Court finds the witness, Mr. Dominique "Nick" Haag, has not acted in a manner that warrants a contempt finding. Mrs. Haag advised Plaintiff's counsel well in advance of the scheduled deposition that she and her husband could not afford legal counsel to "squash" the subpoena, but were willing to show Mr. Haag's medical records to a judge. Motion to Compel Deposition at Ex. G, p.2. Rather than move the Court to compel the deposition beforehand, counsel chose to go forward. On these facts, no sanctions are warranted.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Deposition (Doc. #86) is **DENIED to the extent** stated above.

2. Plaintiff's Motion to Compel Deposition (Doc. #86) is **GRANTED to the extent** Plaintiff may proceed to reschedule a deposition of this witness, if desired, at a date, time and place mutually convenient to the witness and the parties, provided the deposition occurs **on or before June 12, 2013**.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of May, 2013.

_Thomas E. Morris_
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
      –and–
John A. Tucker, Esq.
Foley & Lardner LLP
One Independent Drive, Ste. 1300
P.O. Box 240
Jacksonville, FL 32201-0240

3