## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

AVANT GARDE ENGINEERING AND
RESOURCES LIMITED,

      Plaintiff,

vs.                         CASE NO. 3:11-cv-525-J-20TEM

NATIONWIDE EQUIPMENT COMPANY,
INC., NATIONWIDE EQUIPMENT
INTERNATIONAL, INC., EDWARD A.
KOSTENSKI and JEAN BAKKES,

      Defendants.
_____

## O R D E R

This case is before the Court on Plaintiff's Amended Motion for an Order Compelling Defendants to Produce Certain Financial Information (Doc. #80, "Amended Motion"). Defendants filed separate responses. Defendant Nationwide Equipment International ("NWI") objected to most of Plaintiff's requests, but also states it "has no documents and no information responsive to the discovery [P]laintiff seeks to compel" (Doc. #81, "NWI Response" at 1).[1] Defendant Nationwide Equipment Company, Inc. ("NEC") objected to the relief sought by the Amended Motion and argues further the Amended Motion should be stricken or denied for failure to comply with Local Rule 3.04(a) because Plaintiff misled the Court by failing to advise the Court of NEC's supplemental production of documents on May 25, 2012 and by incorrectly asserting the Nationwide Defendants did not respond to Plaintiff's April 24, 2012 letter (Doc. #82, "NEC Response" at 2-3). Defendant Jean

_____

[1]Counsel asserts, "NWI exists solely as a tax entity" that does not engage in business, nor has it ever had any employees. NWI Response at 1.

Bakkes responds in opposition to the Amended Motion (Doc. #84, "Bakkes Response"), stating he withheld information during his deposition on the advice of counsel and submits the sought information is not properly discoverable.   Defendant Edward A. Kostenski responds to the Amended Motion (Doc. #83, "Kostenski Response"), stating he is the owner and president of NEC, but he individually does not have any of the documents or information sought by Plaintiff's Amended Motion.

Plaintiff seeks to compel the NWI and NEC to produce a universe of documents related to prior transactions these companies may have had with other customers prior to the disputed contract with Plaintiff on or about December 6, 2007.  Plaintiff further seeks to compel responses to deposition questions that were asked of Defendants Bakkes and Kostenski, and of witness Suzanne Kostenski, but were objected to by counsel.  Overall, Defendants have opposed further production of documents or responses to the disputed deposition questions on the bases the requests are overly broad, burdensome and violate recognized privileges.  Upon due consideration of the parties' arguments and presented materials, the Court finds Plaintiff's Amended Motion is due to be **GRANTED IN PART AND DENIED IN PART**.

## Background

This is an action to recover damages for fraud (Count I), negligent misrepresentation (Count II), promissory estoppel (Count III), breach of contract (Counts IV-V), breach of implied covenant of good faith and fair dealing (Count VI), breach of express and implied warranties (Counts VII-VIII), unjust enrichment (Count IX), and purportedly for "indemnity under the laws of the State of Florida," stated as a claim for legal

expenses and costs (Count X). After surviving motion practice in which Defendants sought dismissal of the Complaint, Defendants filed responsive pleadings (Docs. #48, #49, #51, #54).

## Motion to Compel

Parties are entitled to discovery regarding any matter that is relevant to any claim or defense as long as the evidence is not covered by an applicable privilege. Fed. R. Civ. P. 26(b)(1). The party seeking production must demonstrate that the request is relevant, although the requested material need not itself be admissible at trial. *See id.* Pursuant to Rule 37(a), the Court may compel discovery disclosure of responses to questions a deponent failed to answer and of documents a party failed to produce. Fed. R. Civ. P. 37(a)(1)-(3). Rules 30, 31 and 34 provide the framework for determining whether the sought discovery in this instance is relevant and permissible. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Requests for production of documents under Rule 34, "must describe with reasonable particularity each item or category of items to be inspected," which must be within "the responding party's possession, custody or control." Fed. R. Civ. P. 34 (a)(1), (b)(1)(A).

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Procter & Gamble Co.,* 356

U.S. 677, 682 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. *See Hunter's Ridge Golf Co., Inc. v. Georgia-Pac. Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006).  When a dispute arises, the Court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*  662 F.3d 1292, 1306 (11th Cir. 2011).  The Court's decisions on discovery matters will not be disturbed unless an abuse of discretion is found.  *Id.* at 1307 (citations omitted).

As an initial matter, the Court notes Defendants NWI and NEC argue the Amended Motion should be stricken for failure to comply with Local Rule 3.04(a).[2]  *See* NWI Response at 2; NEC Response at 1-4.  Local Rule 3.04(a) requires that the party filing a motion to compel quote in full the request for information, as well as the responses and objections of the responding party.  M.D. Fla. Loc. R. 3.04(a).  Upon review of the submitted materials, the Court finds Plaintiff met the technical requirements of the rule.[3]  Plaintiff's First Request for Production of Documents, Defendant NWI's response thereto, and Defendant NEC's response thereto are attached to the Amended Motion as Exhibits A-C.  Plaintiff also attached isolated pages from the depositions in which Plaintiff

_____

[2]When discussed collectively, the Court may refer to Defendants NEC and NWI as the "Nationwide Defendants."  Additionally, the Court may refer to requests for production as "RFP," followed by the appropriate number.

[3]The Court would note the contents and arrangement of the Amended Motion made it extremely difficult to ascertain precisely what Plaintiff challenged.  Moreover, the isolated pages from the deposition transcripts of Jean Bakkes, Edward A. Kostenski and Suzanne Kostenski that were provided to the Court were not helpful for the Court to ascertain the full context within which the disputes arose during those depositions.

challenges some of the raised objections.  Thus, Defendants' request to strike the Amended Motion is **DENIED**.

However, it is troublesome that Plaintiff additionally points to a letter dated April 24, 2012, as an example of Plaintiff's efforts to resolve the perceived deficiencies with requests for production numbers 31 and 37.  Amended Motion at 4.  Plaintiff advises the Court that "Plaintiff even went as far as modifying some of its Requests."  *Id.*  Plaintiff further states, "Despite the above, the Nationwide Defendants have refused to produce the requested documents and information and did not respond to Plaintiff's letter dated April 24, 2012."  *Id.*  The Nationwide Defendants argue, to the contrary, that responses were sent to the April 24 letter and NEC did produce responsive documents.  *See* NWI Response at 2 and Ex. A; NEC response at 2-3 and Exs. B-C.[4]   Based on the exhibits provided, the Nationwide Defendants did indeed respond to Plaintiff's letter.  Moreover, it is clear NEC supplemented its responses to Plaintiff's First Requests for Production on May 25, 2012 and Plaintiff failed to advise the Court of the Amended Responses.  *See* NEC Response at Ex. A ("Amended Response of [NEC] to Plaintiff's First Request for Production of Documents").

Plaintiff did not file the Amended Motion until February 2013 – nine months after Defendants had supplemented the responses to the requests for production and had produced additional responsive documents, six months after the depositions of Jean

_____

[4]The Court has made every effort to accurately reference materials filed in the electronic record of this case so as to give the reader easy identification of the cited item. A somewhat unusual citation format for materials filed in the official Court record was necessary due to the way in which counsel scanned and filed exhibits without separate pagination.

Bakkes and Edward Kostenski, and a month after Suzanne Kostenski's deposition and the continuation of Edward Kostenski's deposition.   Plaintiff did not acknowledge the supplemented responses for the written discovery requests in the Amended Motion or the attached exhibits.   Plaintiff is admonished to be more candid in any future pleadings in this Court.

The Nationwide Defendants argue to this Court that rather than offer a response to the efforts of Plaintiff to modify the offending original RFP 31 into a more specific and limited request, they stood on the original objections to the originally worded request and directed Avant Garde to propound new requests for production under the Federal Rules of Civil Procedure if it wanted a response to the "modified" RFP 31.   *See* NEC Response at 3, NWI Response at 2.  Nevertheless, review of the provided materials reveals NEC had provided substantive responses to other deficiencies claimed by Plaintiff related to other requests for production.  *See generally*, NEC Response at Ex. C  ("NEC letter dated May 18, 2012).[5]

Yet, NEC strenuously argues it cannot be compelled to respond to informal discovery requests contained within a letter.  NEC Response at 4-7.  NEC cites to several cases in support of this position, while also pointing to two cases finding a judge may compel production under such circumstances.  *See id.*  Upon review, the Court finds none of the cited cases carry the weight of precedential authority.

---

[5]In fact, NEC did supplement its original response to the original RFP 31 in the Amended Response of [NEC] to Plaintiff's First Request for Production of Documents, dated May 25, 2012.  *See* NEC Response at Ex. A, p. 9.

One case, however, is a published opinion from the Southern District of Florida, which warrants some discussion. *See James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006). In *Wash Depot Holdings*, the defendant filed a motion to compel the plaintiff to sign a release authorizing the defendant to obtain the plaintiff's unemployment compensation records. *Id.* at 694. The motion to compel, however, was filed after the close of discovery and without the defendant having first sought to obtain the desired records, or the authorization, through normal discovery channels under the Federal Rules of Civil Procedure. *Id.* at 694-95. The *Wash Depot Holding* court plainly stated,

> Nothing in the record reflects that Defendant has sought Plaintiff's unemployment compensation records through a formal Request for Production pursuant to Rule 34 or through a subpoena directed to the Agency for Workforce Innovation pursuant to Rule 45. Rather, in an October 24, 2006 letter to Plaintiff's counsel, Defendant's counsel merely informally requested that Plaintiff execute a release for such records.

Id. at 694.

In the matter before this Court, Plaintiff did not merely informally request Defendant produce the requested discovery. Here, Plaintiff formally sought the now disputed discovery under Rules 30 and 34, and only after receiving Defendants' objections did Plaintiff address perceived deficiencies by letter to Defendants' counsel. The Court finds this matter is easily distinguishable from *Wash Depot Holdings*. Moreover, NEC essentially waived this argument by actually responding to the April 24, 2012 letter, both with letters from NEC and NWI and with the Amended Response served on May 25, 2012.

Referring to the April 24, 2012 letter, the Court finds Plaintiff's repeated assertions of, "Please respond without delay to avoid resort to judicial intervention," to each interrogatory response and RFP response that Plaintiff claimed was deficient are not well

taken.  Amended Motion at Ex. D.  A single reference to potential Court intervention would have sufficed, particularly since Plaintiff then waited so long to file a motion seeking to compel the disputed requests for production.[6]

Also of concern to the Court is that neither side has provided any information concerning telephone calls, emails or other efforts to try to clarify or resolve the disputes in months prior to filing the Amended Motion.  This deficiency has been brought to the attention of counsel before (*see* Doc. #67, Court Order).  In this earlier Court Order, the Court expressly directed, "all parties are expected to strictly adhere to the requirements of Local Rule 3.01(g)." *Id.* at 3.  The Court emphasized the requirement that all attorneys must conduct themselves in a "spirit of cooperation."  *Id.* at 4 (referring to Local Rule 2.04(h)).  Although there are obvious difficulties in discovery of a case involving an international transaction, there is indication discovery here could have proceeded more efficiently had both sides made an effort.

### *Disputed Requests for Production*

From the Amended Motion, the Court has discerned there are two requests for production ("RFP") that have not been resolved between the parties.  The requests, the responses, and the Court's rulings are:

**ORIGINAL REQUEST NO. 31**: Please produce all contracts, agreements and invoices created by [NEC] prior to the execution of the contract signed by Plaintiff on December 6, 2007.  Amended Motion at 25 (Ex. A).

───────────────

[6]The Court is cognizant of the fact Plaintiff filed a motion concerning some of the same discovery disputes on January 27, 2013 (*see* Doc. #66).  The substance and merits of that motion were not ruled upon because the Court denied the motion without prejudice for failure to comply with Local Rule 3.01(g) (*see* Doc. #67).

**RESPONSE**: Nationwide objects to this request because it is unlimited in scope. Accordingly, Nationwide objects to this request to the extent it is not limited to the transaction at issue in this case.  Otherwise, Nationwide will produce all responsive documents at a mutually agreeable time and place.  Amended Motion at 37 (Ex. B).[7]

**MODIFIED REQUEST NO. 31**: Please produce all contracts, agreements, and invoices created by [NEC] in the five years prior to the execution of the contract signed by Plaintiff on December 6, 2007. Amended Motion at 63, (Ex. D, "Plaintiff's letter to Defendants dated April 24, 2012.")

**MODIFIED RESPONSE**: [NEC] believes that its response to request for production number 31 is complete and proper as framed.  Avant Garde is free to revise its request by propounding a new request in accordance with the Federal Rules of Civil Procedure.  *See* NEC Response at 3 and at Ex. C ("NEC letter dated May 18, 2012); *see also* NWI Response at 5 (Ex. A, "NWI letter dated May 1, 2012) (also declining to address the modified request number 31 and noting NWI has no responsive documents).  *But see* NEC Response at Ex. A ("Amended Response of [NEC] to Plaintiff's First Request for Production of Documents") (stating, "Nationwide objects to this request because it is unlimited in scope.  Accordingly, Nationwide objects to this request to the extent it is not limited to the transaction at issue in this case.  Nationwide Equipment directs Plaintiff's attention to the documents attached to the complaint and referenced in its Motion to

---

[7]Unless otherwise noted, the Court will refer only to the responses provided by Nationwide Equipment Co., Inc. ("NEC") and accept the representation of Nationwide Equipment International, Inc., ("NWI") that it has no responsive documents to produce.

Dismiss.  Nationwide Equipment directs plaintiff's attention to the response and documents produced in response to request number 1.").

**THE COURT**: Plaintiff's original RFP 31 and the "modified" RFP 31 are stated in overly broad terms.   Notwithstanding this finding, the Court also finds the underlying premise for discovery of some of the requested materials is relevant to the claims Plaintiff raises in the Complaint.  Defendants' background in sales of this type of equipment and timely delivery of such equipment to the work site is relevant to Plaintiff's assertions of fraud in the inducement and negligent misrepresentation.  Therefore, under the broad discretion afforded this Court, **NEC is directed to produce redacted copies** of all contracts, agreements and invoices created by NEC in the five years prior to December 2007, which are in the possession, custody or control of NEC and in which the equipment sold was identical or substantially the same as the equipment under the disputed contract *and* which was delivered, by any method, to a location outside the contiguous forty-eight states in the United States.  *See* Fed. R. Civ. P. 37(a)(5)(A)-(C), 26(c).  NEC shall redact customer identifiers and the sales price from these documents.  **Production shall be made not later than May 31, 2013.**

**REQUEST NO. 37**: Please produce true copies of all documents that identify and describe [NEC]'s experience in the sale and distribution of engineering equipment to business entities and individuals in Nigeria prior to July 2007.  Amended Motion at 25 (Ex. A).

**RESPONSE**: Nationwide objects to this request because it seeks confidential and sensitive trade secret information that has no bearing on this case.  Furthermore, the

request is overbroad and burdensome and not reasonably calculated to lead to admissible evidence.  Amended Motion at 38 (Ex. B).

**THE COURT**: The Court finds this request is stated in overly broad terms. Notwithstanding this finding, the Court also finds the underlying premise for discovery of the requested materials is reasonably calculated to lead to the discovery of admissible evidence relevant to the claims Plaintiff raises in the Complaint.  One such example of relevant responsive documents would be any marketing materials that present NEC as a seller/supplier of engineering equipment to the international market.  Therefore, under the broad discretion afforded this Court, and to the extent documents responsive to this request do not duplicate documents already ordered produced, **NEC is directed to produce redacted copies** of documents that identify and describe [NEC]'s experience in the sale and distribution of engineering equipment to business entities and individuals in Nigeria in the five years prior to December 2007, which are in the possession, custody or control of NEC and in which the equipment identified or sold was identical or substantially the same as the equipment under the disputed contract.  *See* Fed. R. Civ. P. 37(a)(5)(A)-(C), 26(c).  NEC shall redact customer identifiers and the sales prices, if any, from these documents.  NEC is not required to produce documents subject to protection as trade secrets of NEC, such as diagrams or schematics of specialized equipment, but shall instead produce a proper privilege log to Plaintiff identifying those documents and the reason(s) for withholding them from Plaintiff.  **Production shall be made not later than May 31, 2013.**

***Disputed Deposition Questions***

Plaintiff also seeks answers to certain specific questions asked during the depositions of Jean Bakkes, Edward Kostenski, and Suzanne Kostenski.  Amended Motion at 4.

Against the backdrop of Jean Bakkes' testimony that $140,000 was the highest commission he received from Nationwide between 2005 and when he left the company, Plaintiff seeks to overcome the objections of Defendants' attorney to the name or names of the business entities to which Jean Bakkes sold Nationwide equipment after the Avant Garde/Nationwide contract was signed.  Amended Motion at 5.  It also appears Plaintiff seeks to obtain information about Jean Bakkes' overall sales experience while employed by Nationwide.  *Id.* at 6, 78-89 (Ex. F).

Plaintiff asserts the sought information is relevant to the instant action because it sheds light on NEC's experience and sophistication in selling heavy equipment in Nigeria, which is relevant to the fraud claims in the law suit.  Amended Motion 5-6.  NEC counters that this information is privileged as a trade secret and is confidential.  Plaintiff relies, in part, on *McMahan Sec. Co. L.P. v. FB Foods, Inc.,* No. 8:04-CV-1791-T-24, 2006 WL 1822985 (M.D. Fla. Jun. 29, 2006), to support its position.[8]  According to Plaintiff, *McMahan* stands for the proposition that NEC's experience and sophistication in selling heavy equipment in Nigeria is relevant to the fraud claims in the lawsuit.  Amended Motion at 14.

---

[8]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

12

In *McMahan*, the court held when a plaintiff has made specific allegations concerning a defendant's misrepresentations about its expertise with similar companies and prior successful contracts or transactions,  Florida law supports an action for fraud in the inducement based upon those claims of experience since they concern a past or existing fact.  *McMahan*, 2006 WL 1822985 at *4.  To the extent Plaintiff seeks information pertaining to NEC's sales of similar equipment to other customers before entering into a contract with Avant Garde, the Court agrees some information is discoverable.  However, the actual names of customers and the prices for which the equipment sold have no relevance to this case and are due to be protected from production as confidential business information under Rule 26(c).[9]

Thus, regarding the disputed deposition questions of Jean Bakkes, the Court finds any *pro forma* invoices of sales of dredger equipment substantially the same as set forth in the Avant Garde contract and sold by Defendant Jean Bakkes between 2003 and 2007 are discoverable, except that all client identifiers and sales pricing information should be redacted.  Otherwise, the request to compel discovery and more complete answers from Defendant Bakkes, as stated in the Amended Motion is **DENIED**.

Pertaining to Defendant Edward Kostenski's deposition, Plaintiff seeks to overcome the objections to its request to produce the records of NEC sales of dredgers to any company in Nigeria prior to November 2007 and for Kostenski to provide the annual gross revenues of NEC in 2006 and 2007  Amended Motion at 7-8.  Plaintiff also seeks financial

---

[9]In dicta, the Eleventh Circuit has stated that a confidential customer list may be a trade secret. *State Farm Fire and Cas. Co. v. Steinberg*  393 F.3d 1226, 1234 (11th Cir. 2004).

information as to how much revenue NEC has generated in Nigeria since 1992.  *Id.* at 9.

Defendant's counsel repeatedly objected to this line of questioning on the premise it

sought financial information only relevant to collection on a judgment.  See Amended

Motion at 7-9, 95-101 (Ex. G).

The Court disagrees with NEC's assertion that there is no connection between the

level of assets NEC had at the time it entered into the Avant Garde contract and NEC's

ability to fulfill the contract.  *See, e.g.*, NEC Response at 9-10.   In *FTC  v. Turner*, the

court declined to allow FTC to use its subpoena power in an investigation to determine

whether the subject of a cease and desist order had sufficient financial resources to

warrant filing a civil damages litigation for consumer redress.  *See FTC  v. Turner*, 609

F.2d 743 (5th Cir. 1980).[10]  The *Turner* court made a point of stating, "The amount of

Turner's assets is not relevant to an inquiry into whether a violation of the law exists."  *Id.*

at 745.  Although NEC argues otherwise, the findings and analysis of *Turner* are inapposite

to the matter presently before this Court.

Contrary to the argument of defense counsel, not all financial data will be relevant

only to collection against a judgment .  This is one of those instances in which the financial

strength and past experience of a company is relevant to the Plaintiff's claims.  Applying

the reasoning of *McMahan*, with which the Court agrees, to the disputed questions asked

of Defendant Kostenski, the Court finds the revenues of NEC around the time of the Avant

Garde contract are relevant to whether NEC could fulfill its obligations under the contract.

---

[10]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the
Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit
handed down prior to the close of business on September 30, 1981.

In a nutshell, Plaintiff claims it was fraudulently induced to enter into a contract that NEC knew it had neither the sophistication, nor the financial resources to fulfill.  Thus, the financial records of NEC at the time of the Avant Garde contract and soon thereafter are clearly relevant to Plaintiff's theory of the case.  Because NEC is a privately held company, that information is not readily available from other sources.  Discovery of private financial information will be limited in scope to revenue figures that generally reflect the overall financial strength of the company.  To that end, Defendant Kostenski shall produce to Plaintiff a verified statement of NEC's gross sales (or revenues) for the calendar years 2006, 2007 and 2008.  **This information shall be provided not later than May 31, 2013.**

How much business NEC had conducted with entities in Nigeria prior to the Avant Garde contract is also relevant to whether NEC and its personnel possessed the requisite knowledge to provide the dredger equipment in conformity with whatever tariffs may have existed and to arrange the timely transportation of the equipment to Nigeria and the ultimate work site.  Thus, Defendant Kostenski shall also produce to Plaintiff a verified statement of NEC's gross sales (or revenues) to persons or business entities doing business in Nigeria from 2003 through 2007.  **This information shall be provided not later than May 31, 2013.**

Plaintiff questioned witness Suzanne Kostenski about financial transactions involving "clients involved in the transactions you were discussing with Sky Bank." Amended Motion at 10, 103-05 (Ex. H).  The foundation Plaintiff asserts to support this line of questioning is insufficient for the Court to see the relevancy.  Thus, Plaintiff's request

15

to compel additional discovery and more complete deposition responses to this line of questions is **DENIED**.

Plaintiff also requests the production of the documents Suzanne Kostenski reviewed with her attorney in preparation for her deposition.  Amended Motion at 11. Defendant's counsel argues that the documents presented to Suzanne Kostenski are attorney work product and are therefore not discoverable.  NEC Response at 13-14; Amended Motion at 106-08 (Ex. H).  Confusingly, defense counsel also claims the documents shown to Ms. Kostenski "were already part of the discovery in the case."  NEC Response at 13.

Production of these documents reviewed by counsel and a witness may be warranted in situations where the witness admits he or she conducted no independent preparation for the deposition and only reviewed the few documents selected by counsel out of thousands in preparation for the deposition.  *See In re Seroquel Products Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 WL 215707 (M.D. Fla. Jan. 24, 2008) *aff'd,* 6:06MD1769 ORL22DAB, 2008 WL 591929 (M.D. Fla. Feb. 28, 2008). In the *Seroquel* case the court found the documents reviewed by the witness in preparation for the trial were not work product and therefore were discoverable. *Id.*

To support the argument that Kostenski should not be required to identify the documents she reviewed just prior to the deposition, counsel notes the documents were already part of discovery in the case and were only shown to Ms. Kostenski during a five minute deposition preparation session. NEC Response at 13.  Additionally, defense counsel argues Plaintiff was able to freely question Suzanne Kostenski while looking at the same documents that were available to Defendants.  *Id.* at 14.  NEC avers Plaintiff is

simply trying to ascertain the exact documents reviewed by Suzanne Kostenski before her deposition and the identity of these documents should be protected under the attorney work product privilege.  *Id.*  Defendants' counsel distinguishes *In re Seroquel* on the grounds that *Seroquel* involved over 15,000 documents and the witness was prepared for the deposition for several hours over a six day period; whereas, in the instant case the amount of documents involved was not nearly as voluminous and the witness was only shown the documents for a short five minutes before the deposition.  The undersigned finds these differing facts to not be determinative to the issue at hand.

While counsel is correct that the Eleventh Circuit has not yet analyzed the issue of whether the selection and ordering of documents to show a witness is protected work product, Defendants' reliance on a Third Circuit case is misplaced as district courts within the Eleventh Circuit have had occasion to analyze this issue. The district courts have been reluctant to expand the attorney work product doctrine, noting "that an overly broad application of work-product immunity could easily eviscerate the discovery rules and their purpose."  *See, e.g., Jackson v. Geometrica, Inc.*, No. 304CV640J20HTS, 2006 WL 510059 (M.D. Fla. Mar. 2, 2006); *citing Mead Corp. v. Riverwood Natural Res. Corp.,* 145 F.R.D. 512, 520 (D. Minn.1992).

Courts have required the "party raising a 'selection based opinion work product' objection to 'come forward with some evidence that disclosure of the requested documents creates a real non-speculative danger of revealing counsel's thoughts.'" *Chase v. Nova Se. Univ., Inc.*, 11-61290-CIV, 2012 WL 204173 (S.D. Fla. Jan. 24, 2012); *citing In re Trasylol Products Liab. Litg.,* No. 08-MD-1928, 2009 WL 936597, *4 (S.D. Fla. Apr. 7, 2009).  The

only support offered here for not producing the requested documents is the assertion that disclosure of the documents would necessarily reveal attorney impressions and analysis. NEC Response at 15.  Without more, the Court is not persuaded and will hereby **ORDER** counsel to produce the documents shown to Suzanne Kostenski before her deposition by **May 31, 2013**.

**CONCLUSION**

Thus, upon due consideration, Plaintiff's Amended Motion is **GRANTED TO THE EXTENT set forth above**.  The Amended Motion is **otherwise DENIED**.  The discovery period in this case is enlarged through May 31, 2013, only to the extent required to comply with this Order.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of May, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All Counsel of Record